**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

RESHAM RAWAL,                                )
                                             )
                    Petitioner,              )
                                             )
v.                                           )        Case No. CIV-26-354-J
                                             )
FRED FIGUEROA, et al.,                       )
                                             )
                    Respondents.             )

## ORDER

Petitioner Resham Rawal, a Nepal national appearing pro se, is currently in the custody of

Immigration and Customs Enforcement (ICE).  Petitioner has filed a Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 6].  The matter was referred to United States

Magistrate Judge Amanda Leigh Maxfield who issued a Report and Recommendation

recommending, in relevant part, that the Court:  (1) grant the Petition in part and order Respondents

to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days, or otherwise

release Petitioner; (2) require the government to bear the burden at any bond hearing to prove by

clear and convincing evidence that Petitioner is either a flight risk or a danger to the community

to justify continued detention; and (3) order Respondents to certify compliance within ten days.

(Rep. & Rec.) [Doc. No. 10].  Respondents filed a timely Objection (Obj.) [Doc. No. 11], triggering

de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th

Cir. 2023).

Petitioner entered the United States in July 2024, and ICE placed him in custody the same

month.  In September 2024, ICE released Petitioner on bond; however, in January 2026, ICE re-

arrested Petitioner.  He remains in ICE custody without a hearing.

Respondents first object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention. *See* Obj. at 2-9. Although employing a de novo review, the Court declines to engage in lengthy analysis here.[1] This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also object to Judge Maxfield's conclusion that Petitioner's lack of hearing violates the Fifth Amendment and as such, "shifting the burden of proof to the government at his belated bond hearing is an appropriate correction and protection." Rep. & Rec. at 17; *see also* Obj. at 9-12. On review, the Court declines to address Petitioner's Fifth Amendment claim[2] thus mooting the objection. Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (citation

---

[1] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

[2] On its face, Petitioner's Petition suggests that it is only based on the Fifth Amendment. [Doc. No. 6]. However, Petitioner is appearing pro se, and his Petition references ICE's failure to determine if "8 U.S.C. § 1225(b) or § 1226(a)" applies. *Id.* at 3. And while he initially states that he does not seek a bond hearing, *see id.* at 2, Petitioner mentions his lack of hearing multiple times. *See id.* at 3-4. Judge Maxfield construed the Petition as including a claim under the Immigration and Nationality Act (INA) and neither party objected to that construction.

omitted).  At this time, no immigration judge has conducted a hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework.  Accordingly, the Court declines to issue an advisory opinion instructing application of a particular burden of proof.  *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Ronda v. Figueroa*, No. CIV-26-565-J, 2026 WL 1146026, at *2 (W.D. Okla. Apr. 28, 2026) (same); *Singh v. Figueroa*, No. CIV-26-600-R, Doc. No. 13 at 2, n. 2 (W.D. Okla. May 1, 2026) (same).

Accordingly, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it alleges Respondents violated the INA.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period.  Respondents shall certify compliance within ten days of the date of this Order.  The Report and Recommendation is further ADOPTED to the extent it concludes that this Court lacks jurisdiction to prevent Petitioner's transfer or removal.  Finally, the Report and Recommendation is REJECTED IN PART as the Court declines to issue an advisory opinion regarding the burden of proof.

A separate judgment will enter.

IT IS SO ORDERED this 5th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3